# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID ANTHONY MORRISON, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 07-0013-WS-B |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

This matter comes before the Court on petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 295). The Magistrate Judge entered a detailed Report and Recommendation (doc. 309), recommending that the § 2255 Motion be denied, that this action be dismissed, and that petitioner not be granted a Certificate of Appealability. Petitioner has filed an Objection (doc. 312) to the Report and Recommendation.

**I.      Relevant Background.**

On July 20, 2007, petitioner, David Anthony Morrison, Jr., entered a guilty plea before the undersigned to Count Three of the Superseding Indictment (doc. 48), which charged him with conspiring to manufacture more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846. The Superseding Indictment correctly specified that, because of the quantity of methamphetamine involved, Morrison was subject to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A), which provides for a sentencing range of 10 years to life imprisonment.

During the Rule 11 plea colloquy, Morrison (who was represented by counsel) acknowledged under oath that he was fully satisfied with the representation provided by his lawyer, that he understood he could receive a sentence of ten years to life on the count for which he was pleading guilty, that the sentence imposed might be different from any estimate that counsel or anyone else had given him, that the Court had the authority to impose a sentence that was more severe than that called for in the guidelines, and so on. Morrison entered a plea of guilty to Count Three and the undersigned accepted same.

For several months thereafter, Morrison went to great lengths to attempt to withdraw his guilty plea. At first, his stated ground for attacking his own plea was "his firm belief that if his side of the story were fully and fairly told, no reasonable juror would find him guilty of the offense as charged." (Doc. 195, at 3.) Morrison initially expressed no dissatisfactions with his attorney, and made no suggestion that he had been misled or tricked into pleading guilty. Later, however, Morrison blamed his lawyer, writing that counsel said he "had to sign the plea in order for the government to hear my side of the events … along with telling me that if I didn't sign that the government would retaliate by going after my mother's property." (Doc. 217, at 1.) At the sentencing hearing held on October 19, 2007, the Court rejected Morrison's multifaceted request to withdraw his guilty plea, specifically finding that the plea was knowing and voluntary and that Morrison had failed to establish a fair and just reason sufficient to permit withdrawal of same. Morrison was sentenced to a term of imprisonment of 151 months. On direct appeal, Morrison's new appellate counsel filed an *Anders* brief, following which the Eleventh Circuit granted counsel leave to withdraw and affirmed Morrison's conviction and sentence.

In February 2009, Morrison filed his § 2255 Motion, in which he raises five distinct grounds for relief. The only one that petitioner pursues in his objections to the Report and Recommendation is Ground One, which alleges the following: "Morrison's court appointed counsel provided ineffective assistance by misleading Morrison into believing he would receive a 30 year sentence." (Doc. 295, at 4.)[1] In her 39-page Report and Recommendation, Magistrate Judge Bivins recommended that this ground for relief be rejected because (i) the statement in question was not misleading; and (ii) the plea agreement and plea colloquy were quite clear that

---

[1] The Magistrate Judge's Report and Recommendation examined all five of Morrison's stated grounds for relief in detail, and concluded that all of them are meritless. As to the other four grounds (violation of Rule 11 during the plea colloquy, breach of plea agreement, improper firearm enhancement, and application of Sentencing Guidelines in a mandatory manner), petitioner lodges no objections to the Report and Recommendation. To the contrary, he expressly "concedes correctness of the Magistrate [Judge]'s recommended disposition on each claim" recited in those four grounds. (Doc. 312, at 5.) Accordingly, after due and proper consideration of all portions of the file deemed relevant to the issues raised, the undersigned **adopts** the Magistrate Judge's recommendation under 28 U.S.C. § 636(b)(1)(B) with respect to those claims and **denies** Morrison's § 2255 motion to the extent it seeks relief on theories of violation of Rule 11, breach of plea agreement, improper firearm enhancement, or mandatory application of Sentencing Guidelines.

Morrison's sentence would not necessarily be bound by a particular Sentencing Guidelines range, as the Court had authority to deviate upward or downward from same.

Now, Morrison objects to the Report and Recommendation by claiming that he is entitled to relief under the Supreme Court's recent decisions in *Lafler v. Cooper*, --- U.S. ----, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) and *Missouri v. Frye*, --- U.S. ----, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). The Court reviews these objections on a *de novo* basis, in accordance with 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## II.     Analysis.

The general, uncontroversial proposition for which Morrison cites *Lafler* and *Frye* is that he was entitled to effective representation of counsel during plea bargain negotiations. *See Lafler*, 132 S.Ct. at 1384 ("During plea negotiations defendants are entitled to the effective assistance of competent counsel.") (citation and internal quotation marks omitted); *Frye*, 132 S.Ct. at 1407-08 ("criminal defendants require effective counsel during plea negotiations") . Simply put, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler*, 132 S.Ct. at 1387. Contrary to Morrison's contentions in his objections to the Report and Recommendation, this is not a new rule. *See In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) ("We are persuaded, however, that *Frye* and *Lafler* did not announce new rules. … Put another way, *Lafler* and *Frye* are not new rules because they were dictated by *Strickland*."). Indeed, the Supreme Court has long recognized that where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 472 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (citation and internal quotation marks omitted).

The question presented by Ground One, then, is whether Morrison's appointed counsel provided him advice within the range of competence demanded of attorneys in criminal cases in connection with the plea bargain that Morrison was offered and ultimately accepted. Morrison's § 2255 Petition alleged that counsel did not satisfy this minimum threshold of performance, based specifically and solely on a letter that counsel wrote to Morrison on July 18, 2007. (Doc. 295, Memorandum of Points and Authorities, at 4-8.) In the July 18 letter (which Morrison appended to his § 2255 Petition as an exhibit), petitioner's counsel wrote the following: "[I]t is

my opinion that you will likely be convicted based on the evidence I have seen. If convicted, your sentencing calculation could approach 30 years or more, depending on the trial evidence. The plea you are turning down would likely result in a worst case sentence of 10-12 years …." (Doc. 295, at 38.) Morrison's ineffective assistance claim rests solely on counsel's advice that his sentence "could approach 30 years or more" if he went to trial. According to Morrison, he "was mislead by erroneous advice, because his attorney miscalculated the Sentencing Guidelines" and that "if Morrison had been found guilty on all charges, … he could only have received the high-end of the guidelines based on the drug quantity alleged in the indictment, resulting in a total sentence of 18 rather than 30 years in prison." (*Id.*, Memorandum of Points and Authorities, at 5-6.)

The Report and Recommendation correctly concluded that Morrison has not established constitutionally deficient performance by his attorney on this point. Contrary to petitioner's argument, there is nothing facially invalid, incorrect or misleading about the content of his attorney's July 18 letter. For starters, counsel was absolutely correct that a 30-year sentence was possible if Morrison went to trial. After all, the statutory sentencing range that Morrison was facing was 10 years to life. And the drug quantity for which Morrison could be held responsible at sentencing was certainly not capped at 500 grams of methamphetamine. The Superseding Indictment charged Morrison with conspiring to manufacture "***more than 500 grams*** of a mixture and substance containing a detectable amount of methamphetamine." (Doc. 48, at 3 (emphasis added).) Petitioner has come forward with no evidence and no reason to dispute that the potential trial evidence of which his counsel was aware might plausibly vault the drug quantities involved in the conspiracy for which Morrison could be held responsible to sufficiently high levels where his guidelines range might approach 30 years, especially after including the firearm enhancement and other potential enhancements that might emerge at trial depending on how the evidence played out.[2] Moreover, counsel never purported to be telling

---

[2] For example, suppose there was evidence at trial that the total amount of methamphetamine involved in the conspiracy was between 1.5 and 5 kilograms (which is not a stretch, considering that Morrison was held accountable at sentencing for 960 grams). Suppose further that the Court found from the evidence a sufficient basis to impose a 2-level enhancement for a firearm, and another 2-level enhancement for obstruction of justice (had Morrison taken the stand on his own behalf and been found to be untruthful). That would yield a total offense level of 38 (34 + 2 + 2), which when combined with Morrison's estimated criminal history category of
(Continued)

Morrison that his Sentencing Guideline range would be 30 years if he went to trial, only that he could be courting a sentence of that magnitude if he went to trial. Obviously, the Sentencing Guidelines were not mandatory in this case, and the undersigned would not have been bound to give Morrison a guideline sentence had he gone to trial. Any concern by counsel that this Court might select a sentence at or above the high end of the guidelines range if Morrison went to trial was not so unreasonable as to constitute deficient performance under *Strickland*.

In short, there was nothing false or misleading about counsel's admonition to Morrison that, if he went to trial, he could face exposure to a term of imprisonment approaching 30 years in a worst-case scenario. *Lafler* and *Frye* do not materially alter that analysis. Accordingly, Morrison's objections to the Report and Recommendation's finding that there was no ineffective assistance of counsel with respect to Morrison's guilty plea are without merit.[3]

Equally unavailing is Morrison's attempt in his objections to shift the blame to his attorney for his own unfortunate and ill-advised decision to endeavor to withdraw his guilty plea. He frames this argument as follows: "Because counsel's erroneous advice of the actual guideline exposure he would face if he elected to exercise his right to a jury trial confused him and caused a loss of faith in the attorney, Petitioner attempted to rescind his guilty plea without fully understanding the consequences of that action." (Doc. 312, at 8.) This argument is not properly presented now because Morrison never articulated it to the Magistrate Judge. *See, e.g., Williams*

---

II from the Report on Probation Office Conference (doc. 108), would produce a guideline range of 262-327 months. Clearly, such a sentencing range could reasonably be classified as "approaching 30 years." The Court is aware, of course, that Morrison's criminal history category was ultimately calculated at I, not II; however, the Probation Report dated June 8, 2007 (mere weeks before counsel's letter) estimated his criminal history category as II, so counsel would reasonably have used that as an estimate in his calculations / predictions.

[3]     Of course, counsel also advised Morrison in that July 18 letter that if he entered a guilty plea, the plea "would likely result in a worst case sentence of 10-12 years." (Doc. 295, at 38.) This advice (with which petitioner apparently has no quarrel) was right on target; indeed, Morrison's actual sentence of 151 months equates to 12 years and 7 months. In all likelihood, that sentence would have been lower had Morrison not wasted considerable resources and sabotaged his own cause by attempting to withdraw his guilty plea through a series of groundless machinations, which resulted in his being stripped of the otherwise-applicable three-level reduction for acceptance of responsibility. Thus, counsel's prediction in the July 18 letter about Morrison's likely sentence if he accepted the proffered guilty plea was remarkably accurate.

*v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

Even if the argument were properly raised now for the first time, Morrison's statement is demonstrably counterfactual. By his own admission, as well as the contents of the July 18 letter, Morrison was well aware of the three-level reduction for acceptance of responsibility he was receiving by virtue of his guilty plea. (Doc. 295, at 36, 38.) He cannot credibly deny knowledge that his incessant campaign to renounce his guilty plea beginning almost immediately after he entered it might jeopardize his acceptance of responsibility credit. Furthermore, numerous statements in the court file show that he did not profess to be moving to withdraw his guilty plea because he had "lost faith" in his lawyer after the lawyer's cautionary statement that he might face a 30-year sentence if he went to trial; rather, Morrison said that he wanted to withdraw his guilty plea because of an array of other considerations and dissatisfactions unrelated to the "30-year sentence" advice.[4] Simply put, Morrison's present statement is on its face a *post hoc* rationalization that cannot be reconciled with his own contemporaneous justification for entering a guilty plea that he now regrets. Besides, the fact remains that Morrison has made no showing and presented no evidence that his lawyer engaged in constitutionally deficient performance with regard to the July 18 letter, or anything else.

---

[4] In a letter dated September 19, 2007, Morrison wrote that he wanted to withdraw the plea agreement because he had understood that the "the only way" for him to have an audience with the Government's counsel "would be for me to sign that plea agreement." (Doc. 218, at 2.) On September 24, 2007, he filed a verification in support of motion to withdraw guilty plea stating that his "basis for this motion is his firm belief that if his side of the story were fully and fairly told, no reasonable juror would find him guilty." (Doc. 195, at 3, 7.) At the sentencing hearing held on October 19, 2007, Morrison said nothing about being improperly advised about his possible sentence if he went to trial. Instead, he asked the Court to allow him to withdraw his guilty plea because "I didn't want to sign this in the first place," but that he had done so based on his understanding that "the only way I would have any chance in getting myself cleared of this would be to plead guilty, and that was the only way the Government would hear anything from me." (Doc. 251, at 4-5.) Thus, Morrison's own conduct belies his present statement that he sought to rescind his guilty plea because he experienced a "loss of faith" after his lawyer told him he might face a 30-year sentence if he went to trial. All appearances in the file are that counsel's "30-year sentence" prediction had nothing to do with Morrison's imprudent decision to object to his own guilty plea, which decision ultimately cost him his three-level reduction for acceptance of responsibility.

**III. Conclusion.**

For all of the foregoing reasons, it is hereby **ordered** as follows:

1. The undersigned **adopts** the Magistrate Judge's recommendation made under 28 U.S.C. § 636(b)(1)(B), and **overrules** petitioner's objections.
2. The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (doc. 295) is **denied**, and this action is **dismissed**.
3. A Certificate of Appealability is **denied** pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, and petitioner is not entitled to appeal *in forma pauperis*.

DONE and ORDERED this 3rd day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE